ARCHIBALD D. BROWN *vs.* HENRY N. SETZER and others.

November 2, 1888.

**Taxes—Sale of Distinct Tracts as One Parcel.**—A certificate of tax-sale construed as showing on its face that several distinct tracts of land were sold together for one gross sum, and therefore *held* void. Following *Farnham* v. *Jones*, 32 Minn. 7.

Plaintiff brought this action in the district court for St. Louis county to determine the adverse claims of the defendants to the S. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of section 6, town 50, range 13, in that county. At the trial, before *Stearns*, J., it was conceded that defendants were owners of the land unless their title had been divested by the tax-judgment sale of forfeited lands in 1881, under the act of that year, (Laws 1881, *c.* 135,) through which sale plaintiff claimed title. The auditor's certificate of sale stated that "the following described pieces or parcels of land, situate in said county of St. Louis, state of Minnesota, to wit: all of block 110 in Duluth proper, third division, according to the recorded plat thereof, and the S. W. $\frac{1}{4}$ of section six in township 51, range 12, and the E. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of section six, in township 50, range 13, and the S. W. $\frac{1}{4}$ of section three, and the S. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of section thirty-one, all in township 60, range 13, according to the government survey thereof, were offered for sale to the highest bidder; and at said sale I did sell the said pieces or parcels of land to Morris Thomas for the sum of one hundred and thirty-three and 90-100 dollars, that being the highest sum bid therefor; and he having paid that sum, I do therefore, in consideration thereof and pursuant to the statute in such cases made and provided, convey the said pieces of land in fee-simple to the said Morris Thomas, his heirs and assigns forever." Judgment was ordered and entered for plaintiff, and the defendants appealed.

*White, Shannon & Reynolds,* for appellants.

*Wm. B. Phelps,* for respondent.

MITCHELL, J. This case is controlled by *Farnham* v. *Jones,* 32 Minn. 7, (19 N. W. Rep. 83.) We think the certificate of tax-sale

is not distinguishable from the one considered in that case, and held void because it showed on its face that several distinct tracts or parcels of land had been sold together for one gross sum. The court below, and the learned counsel for the respondent in this court, sought to distinguish the two, because in the certificate in *Farnham* v. *Jones* the words "piece or parcel," were used in the singular, while in the present case the plural, "pieces or parcels," are used. This we consider wholly immaterial and unimportant. If the land described constitutes in fact several distinct tracts, calling it one tract will not make it so; and, if it constitutes but one tract, using the plural will not make it several tracts. In the case cited no particular importance was attached to the fact that the singular, "piece or parcel," was used, but it was decided upon the ground that the plain language of the certificate unmistakably showed on its face that all the property described in it (and which in fact constituted several separate tracts) was sold *en masse* for one gross sum. This same fact appears from identical language in the present certificate, which is that the land therein described (several distinct tracts) was sold to Morris Thomas for the sum of $133.90, that being the highest sum bid therefor.

It is urged that the statute allows several distinct tracts, when sold to the same party, to be included in the same certificate, and that the form here used is that given in the statute, with merely the blanks filled. But it will be observed that the law, (Laws 1881, *c.* 135,) after requiring the auditor to sell each piece or parcel separately, provides, in section 5, that he shall execute to the purchaser of any piece or parcel a certificate, which may be substantially in a certain form. The form given, which is clearly one adapted to a case where but one piece or parcel is included, requires a statement, among other things, of the sum for which such piece or parcel was sold, and that that was the highest sum bid therefor. Now, while the statute authorizes several tracts to be included in one certificate, yet it is perfectly plain that the necessary changes must be made, and that it must state as to each tract every fact which is required to be stated where only one tract is included. Among these are the sum for which the tract was sold, and that this was the highest sum bid

therefor. Unless the language of the certificate in the present case be construed as meaning that all the land therein described was sold together for a gross sum, there is not even an attempt to comply with the statutory form; for, if the different tracts were sold separately, there is no statement of the several sums for which they were sold, nor that these were severally the highest sums bid therefor. Taking either horn of the dilemma, the certificate is void.

Judgment reversed.